JUDGMENT ENTRY.
These consolidated appeals are considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Emmett Pringle, Jr., appeals from his convictions on one count of receiving stolen property, a fourth-degree felony, and one count of felonious assault of a peace officer, a first-degree felony. Pringle had entered pleas of guilty to these offenses. The state dismissed a second count of felonious assault. The trial court conducted the required voluntariness colloquy, accepted the pleas, found Pringle guilty, and conducted the appropriate sentencing colloquy. It sentenced Pringle to a cumulative prison term of eight years less credit for time already served (one year for the receiving-stolen-property count to run concurrently with eight years for the assault count).
Pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, Pringle's appointed appellate counsel has advised this court that, after a thorough review of the record, she can find nothing that would arguably support Pringle's appeal. Appellate counsel has communicated her conclusion to Pringle and has moved this court for permission to withdraw as counsel. See id. at 744, 87 S.Ct. 1396. Counsel has also indicated that Pringle contends that the trial court erred in imposing an eight-year sentence for felonious assault.
Counsel now requests that this court independently examine the record to determine whether the appeal is wholly frivolous. See id.; see, also, Freels v. Hills (C.A. 6, 1988), 843 F.2d 958. We have done so, and we concur in counsel's conclusion that the proceedings below were free of error prejudicial to Pringle. The record reflects that, pursuant to Crim.R. 11(C), the trial court scrupulously ensured that Pringle's plea was made knowingly and voluntarily. The trial court made all findings necessary to support the imposition of an eight-year sentence, noting that Pringle had an extensive juvenile record, including unsuccessful probations or paroles. Pringle and a companion had stolen an automobile, and Pringle had struck a police officer on the head with a brick to effect their escape. The officer was knocked unconscious and was hospitalized as a result of the assault. The trial court could have imposed a maximum, ten-year prison term but chose to impose a shorter sentence. We, therefore, overrule counsel's motion to withdraw from her representation of Pringle and affirm the judgment of the trial court.
Our determination that the proceedings below were free of prejudicial error also compels our conclusion that there are no reasonable grounds for this appeal. But because of Pringle's indigency, we allow no penalty.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Gorman and Sundermann, JJ.